IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SERGIO JIMENEZ,<br><br>Defendant. | 8:21CR30<br><br>ORDER |

This matter is before the Court on defendant Sergio Jimenez's ("Jimenez") Motion to Suppress (Filing No. 17) all physical evidence and statements obtained in his case. Jimenez contends the evidence was obtained in violation of his Fourth and Fifth Amendments rights under the United States Constitution and is tainted "fruit of the poisonous tree" under *Wong Sun v. United States*, 371 U.S. 471, 488 (1963). *See Utah v. Strieff*, 579 U.S. ___, ___, 136 S. Ct. 2056, 2061 (2016) ("[T]he exclusionary rule encompasses both the 'primary evidence obtained as a direct result of an illegal search or seizure' and . . . 'evidence later discovered and found to be derivative of an illegality,' the so-called 'fruit of the poisonous tree.'" (quoting *Segura v. United States*, 468 U.S. 796, 804 (1984))). The government maintains (Filing No. 22) the pertinent evidence was lawfully obtained.

The Court referred the matter to the magistrate judge[1] under 28 U.S.C. § 636(b)(1)(B). After an evidentiary hearing on May 13, 2021, the magistrate judge issued a Findings and Recommendation (Filing No. 31), recommending that the motion be denied.[2] Jimenez timely objected (Filing No. 32), arguing the magistrate judge erred in finding that (1) a law enforcement officer "did not conduct a warrantless search of

---

[1] The Honorable Michael D. Nelson, United States Magistrate Judge for the District of Nebraska.

[2] At the hearing, the government agreed it would not attempt to introduce any statements Jimenez made after being handcuffed but before being advised of his rights under *Miranda v. Arizona*, 384 U.S. 436, 471 (1966). The magistrate judge found that concession mooted the issue. Jimenez does not challenge that finding.

[Jimenez's] duffel bag," (2) "law enforcement officers could do a protective frisk of [Jimenez] based on reasonable suspicion," and (3) Jimenez's "Fourth Amendment Rights were not violated and that any statements should have been suppressed as the fruit of the poisonous tree."

Section 636(b)(1) requires the Court to "make a de novo review of . . . specified proposed findings or recommendations to which objection is made." *Accord* Fed. R. Crim. P. 59(b)(3). Upon review, the Court can "accept, reject, or modify, in whole or in part, the findings or recommendations," receive additional evidence, or "recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3).

Having carefully conducted the requisite de novo review, the Court finds Jimenez's objections should be overruled and his motion to suppress should be denied. Although Jimenez raises some difficult questions as to the constitutionality of his third encounter with law enforcement officers as it progressed on September 24, 2020, the Court ultimately agrees with the magistrate judge that the officers did not violate Jimenez's Fourth Amendment rights against unreasonable searches and seizures.

Based on the foregoing,

IT IS ORDERED:
1. Defendant Sergio Jimenez's objections (Filing No. 32) are overruled.
2. The Findings and Recommendation (Filing No. 31) are accepted.
3. Jimenez's Motion to Suppress (Filing No. 17) is denied.

Dated this 13th day of August 2021.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge